1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ARREOLA,<br>Booking #9796966,<br><br>                       Plaintiff,<br><br>vs.<br><br>U.S. MARSHALS, et al.<br><br>                      Defendants. | Civil No.   10-1013 MMA (BLM)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

      Plaintiff, currently detained at George Bailey Detention Facility in San Diego, California, and proceeding pro se, has filed a civil complaint seeking damages from United States Marshals and individual officers assigned to the Department of Justice Fugitive Task Force based on claims that they used excessive force against him while executing a warrant for his arrest on December 18, 2009. *See* Compl. at 1-2.

## I.
### FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

      Any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted

leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not paid the $350 filing fee required to initiate this civil action, however; nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.

### CONCLUSION AND ORDER

Accordingly, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: May 14, 2010

Hon. Michael M. Anello
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C.§ 1915A(b)). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").