1
2
3
4
5
6
7

8          # UNITED STATES DISTRICT COURT

9          # SOUTHERN DISTRICT OF CALIFORNIA

10   ERIK ARREOLA,                          Civil No.    10-1013 MMA (BLM)
     Inmate Booking # 9796966,
11
                              Plaintiff,     **ORDER:**
12
                                            **(1) GRANTING PLAINTIFF'S**
13                                          **MOTION TO PROCEED** *IN FORMA*
                                            ***PAUPERIS*, ASSESSING NO**
14                vs.                       **INITIAL PARTIAL FILING FEE**
                                            **AND GARNISHING $350 BALANCE**
15                                          **FROM PRISONER'S TRUST**
                                            **ACCOUNT [Doc. No. 3];**
16
     U.S. MARSHALS; VAZQUEZ;                **AND**
17   ROBERTO SANCHEZ; FRANKIE
     GUERRERO; H. JESUS; DOES 1-50;         **(2)  DIRECTING U.S. MARSHAL**
18                                          **TO EFFECT SERVICE OF**
                                            **SUMMONS AND COMPLAINT**
19                            Defendants.   **PURSUANT TO** Fed.R.Civ.P. **4(c)(3)**
                                            **AND 28 U.S.C. § 1915(d)**
20

21

22          Erik Arreola ("Plaintiff"), currently incarcerated at the George Bailey Detention Facility

23   located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint

24   pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not prepaid the $350 filing fee mandated by 28

25   _____

26          [1]   Because Plaintiff seeks monetary damages against Federal Defendants the Court will also
     construe Plaintiff's claims to arise  under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403
27   U.S. 388 (1971).  *Bivens* established that "compensable injury to a constitutionally protected interest
     [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for
28   damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C.
     § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978).  "Actions under § 1983 and those under *Bivens*
     are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."

1  U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

2  to 28 U.S.C. § 1915(a) [Doc. No. 3].

3  **I.      MOTION TO PROCEED IFP**

4          All parties instituting any civil action, suit or proceeding in a district court of the United

5  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

6  U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

7  if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

8  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however,

9  remain obligated to pay the entire fee in installments, regardless of whether the action is

10  ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

11          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

12  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

13  statement (or institutional equivalent) for the prisoner for the six-month period immediately

14  preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account

15  statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

16  in the account for the past six months, or (b) the average monthly balance in the account for the

17  past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

18  § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must

19  collect subsequent payments, assessed at 20% of the preceding month's income, in any month

20  in which the prisoner's account exceeds $10, and forward those payments to the Court until the

21  entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

22          The Court finds that Plaintiff has attached a certified copy of his trust account statement

23  pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement

24  shows that he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C.

25  § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

26  action or appealing a civil action or criminal judgment for the reason that the prisoner has no

27  assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

28

*Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

1   (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

2   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

3   payment is ordered.").  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc.

4   No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire

5   $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the

6   Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A

8        The Prison Litigation Reform Act ("PLRA") also obligates the Court to review

9   complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated

10   or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for,

11   violations of criminal law or the terms or conditions of parole, probation, pretrial release, or

12   diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)

13   and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss

14   complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

15   seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

16   *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

17   *Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d

18   1193, 1194 (9th Cir. 1998) (discussing § 1915A).  "[W]hen determining whether a complaint

19   states a claim, a court must accept as true all allegations of material fact and must construe those

20   facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at

21   1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure

22   12(b)(6)").

23        Here, the Court finds that Plaintiff's Complaint alleges excessive force claims sufficient

24   to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

25   Therefore, the Court shall order U.S. Marshal service on Plaintiff's behalf.  *See Lopez*, 203 F.3d

26   at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and

27   perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by

28   a United States marshal, deputy Untied States marshal, or other officer specially appointed by

the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2)     The Watch Commander, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3)     The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California, 92158-0002.

**IT IS FURTHER ORDERED** that:

(4)     The Clerk shall issue a summons upon Defendants, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint, summons for purposes of serving each of these Defendants.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All

1    costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P.

2    4(c)(3).

3         (5)     Defendants are thereafter **ORDERED** to reply to the Complaint within the time

4    provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C.

5    § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to

6    any action brought by a prisoner confined in any jail, prison, or other correctional facility under

7    section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C.

8    § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face

9    on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"

10   Defendants are required to respond).

11        (6)     Plaintiff shall serve upon Defendants or, if appearance has been entered by

12   counsel, upon Defendants' counsel, a copy of every further pleading or other document

13   submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

14   filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

15   of any document was served on Defendants, or counsel for Defendants, and the date of service.

16   Any paper received by the Court which has not been filed with the Clerk or which fails to

17   include a Certificate of Service will be disregarded.

18        **IT IS SO ORDERED**.

19   DATED:  June 17, 2010

20

21                                   Hon. Michael M. Anello
                                     United States District Judge
22

23

24

25

26

27

28