1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**
9                      **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  ERIK ARREOLA                                    CASE NO. 10cv1013 MMA (BLM)
    Inmate Booking# 9796966,
12                                                  **ORDER DISMISSING ACTION**
                                      Plaintiff,    **PURSUANT TO FED. R. CIV. P.**
13              vs.                                 **4(m)**

14  U.S. MARSHALS; VAZQUEZ; ROBERTO
    SANCHEZ; FRANKIE GUERRERO; H.
15  JESUS; DOES 1-50,

16                                   Defendants.

17         On May 5, 2010, Plaintiff Erik Arreola, proceeding *pro se*, filed a Complaint against

18  Defendants U.S. Marshals, Vazquez, Roberto Sanchec, Frankie Guerrero, and H. Jesus ("Defendants")

19  alleging excessive force claims. [Doc. No. 1.] At the time Plaintiff filed his Complaint, Plaintiff was

20  incarcerated at the George Bailey Detention Facility located in San Diego, California. Plaintiff failed

21  to pay the filing fee and did not submit a motion to proceed in *forma pauperis* ("IFP"). The Court *sua*

22  *sponte* dismissed the action without prejudice, but granted forty-five days to prepay the fee or file a

23  motion to proceed IFP. Plaintiff filed the motion to proceed IFP and the Court granted his motion.

24         On June 17, 2010, the Court directed the U.S. Marshal to effect service of the Summons and

25  Complaint, and issued summons as to all Defendants. The Court clerk sent Plaintiff an IFP Package

26  containing the documents and information necessary for Plaintiff to complete U.S. Marshal Service.

27  On June 24, 2010, the mail service returned the IFP Package as undeliverable because Plaintiff was

28  released from custody and no new forwarding address was provided. [Doc. No. 6.] Plaintiff did not

1  provide the Court with a current mailing address within sixty days of the mail being returned as

2  undeliverable, as is required by Civil Local Rule 83.11.[1]

3       On November 3, 2010, the Court issued a Notice of Hearing for Dismissal for Want of

4  Prosecution under Federal Rule of Civil Procedure 4(m).  Rule 4(m) states:

5       If a defendant is not served within 120 days after the complaint is filed, the court—on
        motion or on its own after notice to the plaintiff—must dismiss the action without
6       prejudice against that defendant or order that service be made within a specified time.
        But if the plaintiff shows good cause for the failure, the court must extend the time for
7       service for an appropriate period.  This subdivision (m) does not apply to service in a
        foreign country under Rule f(f) or 4(j)(1).

8

9  Fed. R. Civ. P 4(m).

10      Plaintiff did not serve Defendants by September 2, 2010, which was 120 days after he filed the

11  Complaint.  The Court attempted to provide Plaintiff notice that he risks dismissal of the action by

12  failing to comply with the time limitation provisions of Rule 4(m).  The Court clerk sent Plaintiff a

13  notice of the Rule 4(m) hearing via mail to the last address Plaintiff provided the Court, George S.

14  Bailey Detention Center, 446 Alta Road, Ste. 5300, San Diego, CA 92158.  The mail service again

15  returned the document as undeliverable, and no forwarding address was provided. [Doc. No. 8.] The

16  Court is unable to apprise Plaintiff of the status of his case because he has not kept the Court informed

17  of his current address.

18      Accordingly, the Rule 4(m) hearing currently set for January 10, 2011 is **VACATED** and the

19  Court hereby **DISMISSES** without prejudice the action for failure to prosecute under Federal Rule

20  of Civil Procedure 4(m).  The Court clerk is instructed to terminate the case.

21      **IT IS SO ORDERED.**

22

23  DATED:  December 15, 2010

24                                           Hon. Michael M. Anello
                                             United States District Judge
25

26

27      [1]Civil Local Rule 83.11 provides that a party proceeding *pro se* must keep the Court apprised
    of its current address.  The Local Rule further instructs that if mail directed to a *pro se* plaintiff's last
28  designated address is returned, and if the plaintiff  fails to notify the court of a new address within
    sixty (60) days thereafter, the Court may dismiss the action without prejudice for failure to prosecute.
    Civ.L.R. 83.11.